## In re Aldine Trust Company. No. 2

*Leo Weinrott,* for exceptant; *Joseph K. Willing* and *Lester S. Hecht,* contra.

SMITH, P. J., December 2, 1932.—There is a stipulation of record between counsel that Anne K. Kearney was a depositor of the Aldine Trust Company on and prior to December 27, 1930, and that on that date her check in the sum of $107.06 on the trust company was presented for payment and refused, the notation being "insufficient funds;" that on December 22, 1930, she deposited at The Pennsylvania Company, a company duly authorized to receive deposits for the Aldine Trust Company, cash in the sum of $100 and received credit therefor in her Aldine Trust Company passbook; that her previous balance on the books of the Aldine Trust Company was $7.06; that the Aldine Trust Company closed its doors after the close of business on December 27, 1930, and the secretary of banking took possession on December 29, 1930.

306

The secretary of banking in his account lists the claim of Anne K. Kearney as that of a demand deposit. The exceptant claims that she stands in the position of a preferred claimant for $107.06 and that the status of the bank as to her is that of a bailee. At the time the secretary of banking took over the affairs of the Aldine Trust Company, the books of the company credited Anne K. Kearney with a total deposit of $107.06. It must be conceded that at the time the check for $107.06 was presented for payment, by the error of someone in the bank, this check was not paid. The secretary of banking, however, must take over this trust company on the basis of what the accounting books of the bank show. The nonpayment of the check by the clerk in the trust company does not change the character of the account. In the event that the bank had not been taken over by the secretary of banking and this mistake had been made, the Act of June 12, 1919, P. L. 453, provides for such a contingency as follows:

"No bank, trust company, or banker shall be liable to a depositor because of the nonpayment, through mistake or error and without malice, of a check which should have been paid, unless the depositor shall allege and prove actual damage by reason of such nonpayment, and, in such event, the liability shall not exceed the amount of damage so proved."

In such an event, the depositor would be paid the amount of his check and sue for the damages he alleged. The status of the exceptant is somewhat different from the ordinary depositor of a sound bank whose check was not paid by error. If the employe or agent of the trust company had used due care she would have received her entire deposit, as the check practically closed her account with the trust company. She possibly may still sue for damages under the provisions of the Act of 1919, but her status of a depositor who may withdraw her entire funds on deposit had been interfered with by the action of the agent or clerk of the trust company. In this appeal to the conscience of the chancellor we must regard as having been done all those things that should have been done. There are here no intervening rights that may be interfered with by allowing such exception. It seems to us fair and equitable that the exception of Anne K. Kearney should be allowed.

### Decree

And now, to wit, December 2, 1932, the exception of Anne K. Kearney to the first and partial account of William D. Gordon, Secretary of Banking, is allowed.